IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF SAN DIEGO & IMPERIAL COUNTIES**<br>   2760 Fifth Avenue, Suite 300<br>   San Diego, CA 92103<br><br>and<br><br>**AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF SOUTHERN CALIFORNIA,**<br>   1313 W. 8th Street, Suite 200<br>   Los Angeles, CA 90017<br><br>        **Plaintiffs,**<br><br>        v.<br><br>**UNITED STATES MARSHALS SERVICE**<br>   1215 S. Clark Street<br>   Arlington, VA 22202<br><br>        **Defendant.** | Case No. 1:22-cv-393 |

## COMPLAINT

Plaintiffs American Civil Liberties Union Foundation of San Diego and Imperial Counties ("ACLUF-SDIC") and American Civil Liberties Union Foundation of Southern California ("ACLU-SC") (collectively, "ACLU" or "Plaintiffs"), by their undersigned attorneys, allege as follows:

## INTRODUCTION

1. Shortly after he took office, President Joseph R. Biden issued an executive order intended to end the practice of allowing private prison contractors to run detention centers administered by the Justice Department and its component agencies, including Defendant United States Marshals Service ("USMS"). Despite that order, private prison contractor The GEO Group, Inc. ("GEO") announced in September that it had obtained a six-month extension of its

contract with the USMS to operate the Western Region Detention Facility ("WRDF"), a jail in San Diego, California that houses mostly pre-trial detainees. Worse, GEO and officials of McFarland, a small city in California's Central Valley – hundreds of miles from the jail – have attempted to implement a scheme to evade the executive order by having the city act as an intermediary, nominally being the contractor in charge of the jail but actually acting only as a pass-through to allow GEO to continue to run the facility.

2. Believing that the public deserves to know more about this violation of the spirit, if not the letter, of the executive order, Plaintiffs filed requests under the Freedom of Information Act, 5 U.S.C. § 552, with the USMS urgently seeking documents and communications related to the contract extension and future plans for the facility. But USMS provided only boilerplate acknowledgements that the agency received the first request, and no response to the second. USMS has violated FOIA by failing to produce any records or justify any withholdings within the statutory deadlines.

3. With the March 31, 2022 expiration of the six-month contract extension fast approaching, Plaintiffs are constrained to file this lawsuit to vindicate their and the public's right under FOIA to the prompt and thorough release of records shedding light on what the government is doing to enforce – or undermine – this important directive intended to safeguard the rights and well-being of people in federal custody.

## PARTIES

4. Plaintiff American Civil Liberties Union Foundation of San Diego and Imperial Counties is the San Diego, California-based affiliate of the American Civil Liberties Union, which is the nation's premier non-profit, nonpartisan public interest law firm known for defending individual rights and liberties guaranteed by the Constitution. ACLUF-SDIC is a

prominent force in protecting and expanding the fundamental rights in its state and county.

5. Plaintiff American Civil Liberties Union Foundation of Southern California is the Southern California-based affiliate of the American Civil Liberties Union. ACLU-SC has worked on behalf of the Southern California region, such as Kern County, to further the protection of individual rights for nearly 100 years.

6. Defendant United States Marshals Service is an agency of the federal government and a component agency of DOJ. USMS has possession, custody and/or control of the records that Plaintiffs seek. USMS is located at 1215 S. Clark Street, Arlington, VA 22202.

## JURISDICTION AND VENUE

7. This action arises under FOIA. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B).

8. Venue is proper in this judicial district under 5 U.S.C. § 552(a)(4)(B).

## FACTUAL ALLEGATIONS

**I. President Biden's Executive Order**

9. On January 26, 2021, President Biden signed the "Executive Order on Reforming our Incarceration System to Eliminate the Use of Privately Operated Criminal Detention Facilities" (Executive Order 14006 or the "Executive Order") [1] to prohibit the Department of Justice from renewing contracts with private prison management companies running federal detention facilities.[2]

---

[1] Executive Order 14006 is available at https://www.govinfo.gov/content/pkg/FR-2021-01-29/pdf/2021-02070.pdf.

[2] Executive Order at 1.

10. The Executive Order recognizes the "broad consensus that our current system of mass incarceration imposes significant costs and hardships on our society and communities," "does not make us safer," and impacts a "disproportionate number of people of color."[3] The Executive Order also states that privately operated detention facilities "consistently underperform Federal Facilities with respect to correctional services, programs, and resources," and "do not maintain the same levels of safety and security for people in the Federal criminal justice system or for correctional staff."[4]

11. The Executive Order forbids the Department of Justice's use of private prison companies in an effort to protect the safety of incarcerated individuals and to "decrease incarceration levels" by reducing the "profit-based incentives to incarcerate."[5]

12. The Executive Order requires that "the Attorney General shall not renew Department of Justice contracts with privately operated criminal detention facilities, as consistent with applicable law," which is in line with the goal of "phasing out the Federal Government's reliance on privately operated criminal detention facilities."[6]

## II. The GEO Group Inc. and Its History of Abuses

13. The GEO Group Inc., one of the nation's largest for-profit prison contractors, is a publicly traded corporation[7] that makes more than $1.5 billion a year operating prisons and

---

[3] *Id.*

[4] *Id.*

[5] *Id.*

[6] *Id.*

[7] In December 2021, GEO announced it was changing its corporate form from a real estate investment trust to a taxable C corporation, effective at the end of 2021. *See* Press Release, *The GEO Group Announces Change in Corporate Structure*, geogroup.com (Dec. 2, 2021), https://investors.geogroup.com/news-events-and-reports/investor-news/news-details/2021/The-

4

detention centers in the United States.[8] GEO manages and/or owns 107 facilities with nearly 90,000 beds domestically and abroad.[9]

14. The Western Region Detention Facility is a jail in downtown San Diego, California, which houses a maximum of 770 people in the custody of USMS.[10] The USMS paid GEO $52.2 million to operate WRDF in FY2021, according to a contract summary on the USASpending.gov website.[11]

15. WRDF houses mainly defendants charged with federal crimes who are awaiting trial,[12] and who therefore are presumptively innocent.

16. GEO's contract with USMS to operate WRDF would have expired on September 30, 2021, but, in violation of Executive Order 14006, USMS extended GEO's contract for an additional six months.[13] GEO's six-month extension to operate WRDF currently is set to expire

---

GEO-Group-Announces-Change-in-Corporate-Structure/default.aspx.

[8] For 2020, GEO reported that it derived 66.9 percent of its revenue, or $1.57 billion, from its U.S. prison and detention center operations. *See* 2020 Annual Report at 12, The Geo Group, Inc., *available at* https://s25.q4cdn.com/995724548/files/doc_financials/2020/ar/Annual-Report-2020.pdf.

[9] *See* https://www.geogroup.com/Locations.

[10] *See* https://www.geogroup.com/FacilityDetail/FacilityID/37.

[11] *See* Contract Summary, PIID 15M40021FA3500005, https://www.usaspending.gov/award/CONT_AWD_15M40021FA3500005_1544_15M40018DA3500001_1544.

[12] Press Release, *The GEO Group Enters Into Six-Month Contract Extension With U.S. Marshals Service for Western Region Detention Facility*, geogroup.com (Sept. 21, 2021), https://investors.geogroup.com/news-events-and-reports/investor-news/news-details/2021/The-GEO-Group-Enters-Into-Six-Month-Contract-Extension-With-U.S.-Marshals-Service-for-Western-Region-Detention-Facility/default.aspx#investorNews.

[13] *Id*.

on March 31, 2022.  According to a summary on the USASpending.gov website, the contract extension is worth $75 million.[14]

17.     GEO has a history of treating incarcerated individuals in its care poorly.

18.     GEO systematically delays and deprives incarcerated individuals of medical care in WRDF.  For example, a 53-year-old woman with multiple sclerosis and anxiety suffered weeks-long denial at WRDF of her prescribed medications, suffered multiple seizures as a result, and did not receive court-prescribed medical treatment.[15]  In another example, WRDF staff consistently ignored emails from defense counsel and requests for medical care by a 65-year-old man suffering from diabetes, a heart arrhythmia, hearing and vision loss, and a condition caused by botched colon surgery that left him in constant pain and intermittently unable to control his bowels.[16]

---

[14] *See* Contract Summary, PIID 15M40021FA3500005, https://www.usaspending.gov/award/CONT_AWD_15M40021FA3500005_1544_15M40018DA3500001_1544.

[15] Motion for Orders Requiring Medical Care, to Show Cause Why USMS Should Not Be Held in Contempt, and to Compel Evaluation by a Neurologist, *United States v. Caudillo*, No. 21-CR-775 (S.D. Cal. June 15, 2021), ECF No. 48.

[16] Sentencing Memorandum, *United States v. Sevilla Avila,* No. 21-CR-0578-W (S.D. Cal. July 26, 2021), ECF No. 37.  Detained individuals at other GEO-operated facilities also report shocking healthcare problems.  *See, e.g.*, Clara Long & Grace Meng, *Systemic Indifference: Dangerous & Substandard Medical Care in US Immigration Detention*, HUMAN RIGHTS WATCH (May 8, 2017), https://www.hrw.org/report/2017/05/08/systemicindifference/dangerous-substandard-medical-care-us-immigration-detention (inmate died of cancer after large abdominal mass ignored and colonoscopy delayed); Katie Traverso, *Shackle A Pregnant Woman, Risk A Foreseeable Tragedy*, ACLU SOUTHERN CALIFORNIA (June 18, 2015), https://www.aclusocal.org/en/news/shackle-pregnant-woman-risk-foreseeable-tragedy (handcuffed and shackled pregnant inmate fell while being transported to hospital by GEO personnel, landed on her stomach, and suffered a miscarriage); Office of Inspector General, Department of Homeland Security, *Concerns about ICE Detainee Treatment and Care at Four Detention Facilities* at 4, 8, OIG-19-47 (June 3, 2019), *available at* https://www.oig.dhs.gov/sites/default/files/assets/2019-06/OIG-19-47-Jun19.pdf. (Inspector General report finding mold, unusable toilets, and "egregious" violations of basic food safety at

19. During the early months of the COVID-19 pandemic, GEO failed to institute any social distancing or masking measures, frequently ran out of soap, and shut off water for a three day period at WRDF.[17] Unsurprisingly, a serious COVID-19 outbreak occurred at WRDF in the fall of 2020 in which 86 incarcerated individuals, 10 staff members, and 54 GEO employees tested positive.[18] On information and belief, at least one person has died from COVID-19 at WRDF due to GEO's failure to protect people at WRDF from the virus—a man held pre-trial who died in September 2021.

20. In recent months, Plaintiffs have received reports of violence at WRDF due to improper supervision by GEO guards and attempts by a GEO guard to prevent members of the public from learning about the violence.

### III. GEO and the City of McFarland's Plan to Circumvent the Executive Order

21. After the Executive Order was issued, GEO made clear it would not willingly give up control of its facilities. GEO CEO Jose Gordo stated on an earnings conference call that GEO was in "discussions with the Marshals Service" to "realign that [WRDF] contract" so that GEO could continue to operate WRDF.[19]

22. In a September 21, 2021 press release, GEO acknowledged it "need[s] to comply

---

GEO-operated facility).

[17] *See* Decl. of Joshua Jones dated April 8, 2020, *U.S.A. v. Aguilera-Baragan*, No. 19-CR-3017-JLS (S.D. Cal. June 10, 2020), ECF No. 40-1.

[18] Alex Riggins, *At least 96 inmates, staff at one San Diego federal jail have COVID-19*, SAN DIEGO UNION-TRIBUNE (Nov. 2, 2020), https://www.sandiegouniontribune.com/news/courts/story/2020-11-02/nearly-100-inmatesstaff-at-san-diego-federal-jail-have-covid-19-c.

[19] *The GEO Group's (GEO) CEO Jose Gordo on Q2 2021 Results – Earnings Call Transcript*, SEEKING ALPHA (Aug. 4, 2021), https://seekingalpha.com/article/4445091-geo-groups-geo-ceo-jose-gordo-on-q2-2021-resultsearnings-call-transcript.

with the January 2021 Presidential Executive Order to not renew U.S. Department of Justice contracts with privately-operated detention facilities" but that "GEO has proposed various alternative contracting structures to USMS" so that GEO could "remain in operation" at WRDF after its six month extension expired, in direct contradiction of the spirit if not the letter of Executive Order 14006.[20]

23. The City of McFarland, California is a small city located 250 miles north of San Diego in California's Central Valley and has a population of approximately 15,000 people.

24. GEO and the City of McFarland previously had a pass-through arrangement under which McFarland contracted with Immigration and Customs Enforcement to run the Mesa Verde ICE Processing Center in Bakersfield and then subcontracted operation of the facility to GEO.[21] The California State Auditor reported that McFarland received approximately $35,000 per year from GEO and passed on nearly $50 million in federal funding to GEO during the three years of the arrangement.[22] McFarland provided "little or no oversight" of GEO and the city manager was unaware of a federal inspection that found health and safety deficiencies at Mesa Verde.[23]

25. To work around the Executive Order, GEO again sought to enlist McFarland as a middleman who would subcontract WRDF's operations back to GEO.

---

[20] Press Release, *The GEO Group Enters Into Six-Month Contract Extension With U.S. Marshals Service for Western Region Detention Facility*, geogroup.com (Sept. 21, 2021), https://investors.geogroup.com/news-events-and-reports/investor-news/news-details/2021/The-GEO-Group-Enters-Into-Six-Month-Contract-Extension-With-U.S.-Marshals-Service-for-Western-Region-Detention-Facility/default.aspx#investorNews.

[21] California State Auditor, Report No. 2018-117, *City and County Contracts With U.S. Immigration and Customs Enforcement* (February 2019), *available at* https://www.auditor.ca.gov/pdfs/reports/2018-117.pdf.

[22] *Id.* at 16.

[23] *Id.* at iii, 20.

26. The month before GEO's contact to operate WRDF was set to expire in September 2021, GEO presented its plan to the City of McFarland at a city council meeting: McFarland would bid on the USMS contract to operate WRDF, then McFarland would subcontract all operations to GEO. McFarland estimated it would receive a $500,000 "administrative service fee" for being a pass-through contracting entity for GEO.[24]

27. On August 18, 2021, the City of McFarland city council voted to pursue the WRDF contract with the intention of subcontracting operation of the WRDF to GEO.[25]

28. The status of those plans is unclear. The public records subject to Plaintiffs' FOIA requests at issue in this action will help inform the public regarding them.

**IV.   Plaintiffs' FOIA Requests**

29. The Freedom of Information Act "focuses on the citizens' right to be informed about 'what their government is up to'" by fostering the release of "[o]fficial information that sheds light on an agency's performance of its statutory duties." *DOJ v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 750, 773 (1989) (citation omitted). "[D]isclosure, not secrecy, is the dominant objective" of FOIA. *Dep't of Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8 (2001) (citation omitted).

---

[24] Agenda, McFarland City Council Special Meeting (August 18, 2021), *available at* https://www.mcfarlandcity.org/AgendaCenter/ViewFile/Agenda/_08182021-282; Sam Morgen, *McFarland pursuing agreement with U.S. Marshals to keep private prison in San Diego open*, THE BAKERSFIELD CALIFORNIAN (Aug. 19, 2021), https://www.bakersfield.com/news/mcfarland-pursuingagreement-with-u-s-marshals-to-keep-private-prison-in-san-diego-open/article_516f9208-0142-11ec-9302-0b4933c400b6.html.

[25] *Id.*

30. Through the instant FOIA requests (and through this litigation), Plaintiffs seek to shine a public light on the implementation of Executive Order 100046 and private prison company efforts to circumvent it.

31. Plaintiffs requested the records at issue in this action from USMS on October 20, 2021 and January 10, 2022. To date, despite their efforts to elicit the records or any substantive agency response, Plaintiffs have not received any determination regarding their requests. Indeed, Plaintiffs have received an initial confirmation from USMS regarding their October request and have received no response regarding their January request. The agency's failure to provide a timely response is a violation of USMS's duties pursuant to FOIA.

32. The requested documents will shed light on the White House's and USMS's true intention to enforce the Executive Order. Whether USMS is actively undercutting the administration, the Executive Order is a publicity stunt that allows private-prison companies to continue operations with a slight tweak in contracting, or the President intends to enforce his Executive Order, the public deserves the answers to these questions. The requested government transparency is needed *before* the fast-approaching expiration of GEO's WRDF contract on March 31, 2022, to enable Plaintiffs and other members of the public to speak out about the issue in an informed manner in hopes of affecting the decision-making process going forward.

## **REQUEST A**

33. On October 20, 2021, Bardis Vakili, on behalf of ACLUF-SDIC, sent a FOIA request to USMS via its online request portal ("Request A") seeking the following records within the date range of January 25, 2021 to October 20, 2021:

- All documents, records, and/or communications regarding the renewal or extension of the contract to operate Western Region Detention Facility in San Diego, California.
    - Responsive records should include, but are not limited to, communications

and records of communications by representatives of the U.S. Marshals Service with representatives of The GEO Group, the City of McFarland, the U.S. Attorney's Office for the Southern District of California, the United States District Court for the Southern District of California, the San Diego Sheriff's Department, the United States Department of Justice, and/or the White House.

- Any communications, memoranda, or other records regarding the extension of the contract to operate Western Region Detention Facility in September 2021 or the renewal or extension of the contract when the September 2021 extension expires in or around December 2021 should also be considered responsive.

34. Pursuant to FOIA, an agency must make and communicate to the requester its determination regarding a request within 20 working days, or within 30 working days if it can show "unusual circumstances." *See* 5 U.S.C. § 552(6)(a)(i) & (a)(6)(B)(i). A requester is deemed to have exhausted their administrative remedies and may file suit if the agency misses the deadline to make and communicate its determination. 5 U.S.C. § 552(6)(C)(i).

35. The deadline to communicate a determination regarding Request A expired on November 17, 2021.

36. USMS has not communicated with Plaintiffs about Request A other than two automated emails acknowledging its receipt and assigning the Request number 2022USMS000045 on October 20, 2021, and a follow-up email on October 25, 2021, attaching a copy of a letter acknowledging receipt of the request dated October 21, 2021.

37. In an effort to avoid litigation, counsel for Plaintiffs on December 23, 2021, sent an email to a USMS FOIA officer, seeking an update and asking to discuss the FOIA Request. To date, Plaintiffs' counsel has not received any substantive response.

38. USMS therefore has constructively denied Request A and Plaintiffs therefore have exhausted their administrative remedies regarding Request A pursuant to 5 U.S.C. § 552(6)(C)(i).

**REQUEST B**

39. On January 7, 2022, Mr. Vakili and Summer Lacey, on behalf of ACLUF-SDIC and ACLU-SC, sent a second FOIA request to USMS, which U.S. Postal Service tracking shows was delivered on January 10, 2022.

40. Request B sought the following records created on or after October 20, 2021 (except as noted):

- Communications and correspondence, including records of any such communications or correspondence, by representatives of the U.S. Marshals Service regarding the contract to operate WRDF with any of the following entities and agencies, or any individuals working for or representing any such entities or agencies:

    - The GEO Group, Inc.;
    - The City of McFarland, California;
    - The City of San Diego, California;
    - The County of San Diego, California;
    - The San Diego Sheriff's Department;
    - The U.S. Attorney's Office for the Southern District of California;
    - The United States District Court for the Southern District of California;
    - The United States Department of Justice;
    - The United States Department of Homeland Security;
    - The White House;
    - Holland Partner Group Operations LLC, Holland Partner Group Management Inc., Holland Partner Group, or any other entity operating under a name that includes "Holland Partner Group";

- Any contracts with USMS to operate WRDF, and any RFPs or contract proposals issued or being considered by USMS to operate WRDF;

- Any records regarding the extension of the contract to operate WRDF in September 2021, or regarding the renewal or extension of the contract when the September 2021 extension expires in or around March 2022;

- Any records regarding planning for the closure of WRDF and the movement, housing, or release of individuals incarcerated in WRDF as a result of any closure;

- Any rregulecords regarding investigations or inspections regarding The GEO Group Inc's operation of WRDF.  Notwithstanding the timeframe otherwise applicable to this request, [Plaintiffs] seek investigation/inspection records dating back to January 1, 2016; and

- Any communication or memoranda regarding the continued operation of USMS facilities by private prison companies, such as The GEO Group, Inc. or CoreCivic, notwithstanding Executive Order 14006, including through contracts with third party entities which might then subcontract the operation to such private prison companies.

41. Plaintiffs also requested expedited processing of Request B pursuant to 5 U.S.C. § 552(a)(6)(E)(i), explaining the urgent need to inform the public "concerning the imminent and potentially unlawful extension of a contract that is currently set to expire in March 2022, as well as the recent potentially unlawful six-month extension of the contract in September 2021."

42. The deadline to communicate a determination regarding Request B expired on February 8, 2022.

43. USMS has not communicated with Plaintiffs regarding Request B.

44. USMS therefore has constructively denied Request B and Plaintiffs therefore have exhausted their administrative remedies regarding Request B pursuant to 5 U.S.C. § 552(6)(C)(i).

### **CLAIM FOR RELIEF**

**(Declaratory and Injunctive Relief:
Violation of the Freedom of Information Act, 5 U.S.C. § 552)**

45. USMS is an agency subject to FOIA, 5 U.S.C. § 552(f), and therefore must disclose in response to a FOIA request all responsive records in its possession that are not specifically exempt from disclosure under FOIA, and must provide a lawful reason for withholding any records (or portions thereof) as to which they are claiming an exemption.

46. The records requested in Requests A and B, described herein, are subject to

release pursuant to FOIA.

47. USMS's failure to comply with its statutory duties and timely disclose the records sought by the Request is a constructive denial of these requests and violates FOIA, 5 U.S.C. § 552(a)(3)(A).

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court:

A. Expedite consideration of this Complaint pursuant to 28 U.S.C. § 1657;

B. Declare that the records sought by the Request, as more particularly described above, are public records pursuant to FOIA and must be disclosed;

C. Order USMS to provide the requested records to Plaintiffs, including electronic copies of records stored in electronic format, within 10 business days of the Court's order;

D. Award Plaintiffs the costs of this proceeding, including their reasonable attorneys' fees pursuant to 5 U.S.C. § 552(a)(4)(E); and

E. Grant Plaintiffs such other and further relief as this Court deems just and proper.

Dated: February 14, 2022         Respectfully submitted,

BALLARD SPAHR LLP

*/s/ Matthew E. Kelley*
Matthew E. Kelley (Bar No. 1018126)
David A. Schulz (Bar No. 459197)
Margaret N. Strouse
BALLARD SPAHR LLP
1909 K Street, NW, 12th Floor
Washington, DC 20006
Tel: (202) 508-1112
Fax: (202) 661-2299
kelleym@ballardspahr.com

Arthur B. Spitzer (D.C. Bar No. 235960)

        American Civil Liberties Union Foundation
         of the District of Columbia
        915 15th Street, NW, 2nd floor
        Washington, DC 20005
        Tel: (202) 601-4266
        aspitzer@acludc.org

*Counsel for Plaintiffs*